## WHEELOCK v. CLARK.
### (No. 743.)

INSURANCE—APPLICATION FOR LIFE INSURANCE—RIGHT OF APPLICANT
TO CANCEL BEFORE ACCEPTANCE—PREMIUM NOTE.

1. An application for life insurance is a mere proposal to enter into a contract and until accepted there is no contract and the applicant may prior to acceptance withdraw his proposal, notwithstanding that he may have given a promissory note for the payment of the first premium.

2. An applicant for life insurance was not liable upon the promissory note given by him to the soliciting agents of the insurance company for the amount of the first premium and indorsed by the payees and forwarded to the general agent who sued thereon, where it appeared that before acceptance of the application the applicant notified the company to cancel it and return the note, and after such notice a policy was issued at the request of the general agent, the latter stating that he would have the matter taken up with the applicant, and thereafter the applicant refused to accept the policy when forwarded to him and returned it to the company.

[Decided April 14, 1913.]                    (131 Pac. 35.)

Error to the District Court, Fremont County, Hon. Charles E. Carpenter, Judge.

The action was brought by Jesse M. Wheelock against William Scott Clark upon a promissory note given at the time of an application for life insurance for the amount of the first annual premium. From a judgment for the defendant the plaintiff brought error. The other material facts are stated in the opinion.

*E. H. Fourt,* for plaintiff in error.

It is the duty of the court to give such instructions upon the law as may be necessary, and that duty is not excused by the failure of counsel to request specific instructions good in law and applicable to the evidence. (Comp. Stat. 1910, Sec. 4499; U. P. R. R. Co. v. Jarvi, 3 Wyo. 375.) Special findings control the general verdict. (Comp. Stat. 1910, Secs. 4511, 4512.)

The applicant was insured from the time of the application. The contract was that if the premium was paid at the time of the medical examination the insurance should date from that time upon the acceptance of the application, and the note in suit was given in payment of that premium. The applicant was insured from the time the policy was applied for, and the policy was delivered to him by mail within a short time of the date of the application. He retained the receipt given to him for the first premium, and cannot be heard to say that he did not receive value, or that the terms of the contract were not fully complied with by the company. (McFarland v. Ry. Officials &c., 5 Wyo. 126; Summers v. Mut. L. Ins. Co., 12 Wyo. 369; Tayloe v. Ins. Co., 9 How. (U. S.) 390; Eams & Cooley v. Ins. Co., 4 Otto, 621, 24 L. Ed. 298; Ins. Co. v. Ins. Co., 19 How. (U. S.) 518.) The condition set up to avoid the payment of the note is a condition subsequent, and not sufficient to invalidate the contract. (Belo v. Ry. Co., 62 Pac. 295; Cotton v. Fid. & Cas. Co., 41 Fed. 506; Nachez v. Ins. Co., 42 Fed. 169.)

The fact that it was the defendant's purpose to use the proceeds of the note to pay the premium is foreign to the controversy. He might have borrowed the money from the bank and paid the premium with the proceeds. Had he done so and then withdrawn his application before the completion of a contract he might have recovered the premium from the company, but that would not be a defense to a suit upon the note. The fact that the payees were the agents of the company is immaterial. They did not take the note as company agents, but in their individual capacity. They were not authorized to take a note for the company. The premium was paid to the company by the payees at the instance and request of the defendant, and it does not matter whether they paid the money directly, or whether it was charged against their commissions. Such payment of the premium was an actual payment to the company at the request of the insured. (Mooney v. Ins. Co., 80 Mo. App. 192; Ins. Co. v. Curtis, 32 Mich. 401; Miller v. Ins. Co., 12 Wall. 285; Reppond v. Ins. Co., 100 Tex. 519, 101 S. W. 786.) The note was not a premium note, but was a personal note given to the payees named therein as evidence of an indebtedness to them. (Ins. Co. v. Parker, 66 Neb. 359, 62 L. R. A. 390; Griffith v. Ins. Co., 101 Cal. 627, 40 Am. St. 96; Ins. Co. v. Curtis, supra; Mooney v. Ins. Co., supra; Reppond v. Ins. Co., supra; Griffith v. Ins. Co., supra; Ins. Co. v. Hoover, 113 Pa. St. 591.) The payment of premiums by an agent out of his own funds is a valid consideration for a note to him by the insured for the amount advanced, or which he has agreed to advance, and recovery may be had upon the note although the insured might be entitled to recover the premiums from the company. (White v. McPeck, 185 Mass. 451, 70 N. E. 463; Hudson v. Compere, 94 Tex. 449, 61 S. W. 389; Rafferty v. Romer, 122 Ill. App. 57.)

*Ralph Kimball*, for defendant in error.

The plaintiff is not a bona fide holder for value because (1) He took the note from his agent, who acquired it in

the regular course of his business as such, and the agent's knowledge is imputed to the principal. (Tiffany on Agency, Sec. 59; Perry v. Archard, 1 Ind. Ter. 487, 42 S. W. 421; Shedden v. Heard, 110 Ga. 461, 35 S. E. 707; Battanier v. Smith, (Ia.) 105 N. W. 999, 5 L. R. A. (N. S.) 628.) (2) The plaintiff had actual knowledge of the consideration. (Heard v. Shedden, 113 Ga. 162, 38 S. E. 387; Suhr v. Hoover, 15 O. C. C. Rep. 690.) (3) If he had no knowledge of the consideration when taking the note, he did have knowledge before parting with any value therefor. (Thompson v. Bank, 150 U. S. 231, 37 L. Ed. 1063.) (4) The evidence does not show any sale of the note to plaintiff. The payees seem to have treated the note as the plaintiff's, though taken in their names.

There was no consideration for the note unless a contract of insurance was consummated. (Summers v. Mut. Life Ins. Co., 12 Wyo. 369; Whitman v. Milwaukee F. Ins. Co., 128 Wis. 124, 107 N. W. 291; Ins. Co. v. Young, 23 Wall. 85, 23 L. Ed. 152; Frank v. Stratford-Handcock, 13 Wyo. 55; Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S. E. 273, 69 Am. St. 134, 42 L. R. A. 88; Travis v. Nederland Life Ins. Co., 104 Fed. 486; Morstadt v. Mut. Life Ins. Co., 115 Fed. 81; Northwestern Mut. L. Ins. Co. v. Neafus, 145 Ky. 563, 140 S. W. 1026, 36 L. R. A. (N. S.) 1211; Ins. Co. v. Levy, 122 Ky. 457, 92 S. W. 325, 5 L. R. A. (N. S.) 739; Union Central L. Ins. Co. v. Robinson, 148 Fed. 358; 8 L. R. A. (N. S.) 883.) The premium if paid could have been recovered from the company. (Ins. Co. v. Felix, 73 O. St. 46; Mahoney v. Ins. Co., 76 Am. Rep. 458; Ins. Co. v. Pyle, 44 O. St. 19, 4 N. E. 465; 25 Cyc. 758; Ins. Co. v. Bowser, 20 Ind. App. 557, 50 N. E. 86.) A premium note given in advance may be cancelled, or its payment refused, if it has not come into the hands of a bona fide holder. (27 Cyc. 2764; Van Arsdale v. Young, (Okl.) 95 Pac. 778; Travis v. Ins. Co., supra.)

Where a letter is shown to have been stamped and mailed, the presumption is that it was received by the party to whom

addressed in due course of mail. (Jones on Evidence, Sec. 52.) Courts will take judicial notice of distances between cities and the rate of speed of trains. (Id. Sec. 127.) Nondirection of the jury is no ground for a new trial, unless correct instructions are asked and refused. (Hay v. Peterson, 6 Wyo. 419.) Since the court would have been justified in directing a verdict for defendant, there can be no prejudicial error in refusing any or all of the instructions requested by the plaintiff. The general verdict is consistent with the special findings, but this question is not raised in the motion for new trial.

The contention that the note sued on is not a premium note, but was given by the defendant for moneys loaned him by the agents, and that the premium was paid to the insurance company by the payees of the note at the request of the defendant, is not the theory advanced by the pleadings nor raised by the evidence, nor suggested by the instructions given or refused. That is not the issue made by the pleadings. The defendant's answer stated that the note was given as security for the payment of the first premium to be due when the contract was perfected and the policy issued and accepted. The reply alleged that the consideration was a perfected insurance contract made on the date of the note. The issues were made up and the case submitted upon the theory that a contract of insurance was the sole consideration for the note, so that the question was whether or not there was such a contract. The evidence does not show that any money was loaned to the defendant by the payees named in the note, or that they paid the amount of the note to the company "at the special instance and request of the defendant." No money was loaned to the defendant for any purpose, and it was not claimed on the trial that there was any such loan; nor was it claimed that the payees had paid anything to the company either at defendant's request or otherwise. If the plaintiff, after receiving the note, paid anything to the company, he did not make the payment for the defendant nor at his instance or request, but contrary

to his expressed desire and request. The cases cited in the opposing brief upon this question are all distinguishable from the case at bar.

A party is restricted on appeal to the theory adopted at the trial. (Dean v. Oil Co., (Wyo.) 128 Pac. 881; Smith v. Colson, (Okl.) 123 Pac. 149; Normile' v. Thompson, (Wash.) 79 Pac. 1095; Sanders v. Stimson Mill Co., (Wash.) 75 Pac. 974; Durfee v. Harper, (Mont.) 56 Pac. 582; Tibbet v. Zurbuch, (Ind. App.) 52 N. E. 816; Ry. Co. v. Stephens, (Ill.) 51 N. E. 69.) By returning a verdict for the defendant the jury found that the consideration for the note was the contemplated contract of insurance and that no contract was completed or entered into. These findings are supported by the evidence, and the verdict should not be disturbed.

BEARD, JUSTICE.

The plaintiff in error, Wheelock, brought this action in the District Court of Fremont county against the defendant in error, Clark, on a promissory note. There was a trial to a jury resulting in a verdict for defendant, judgment was entered on the verdict, and Wheelock brings error.

The undisputed facts are that Wheelock was the general agent at Denver, Colorado, of the Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin, and that Allen & Galloway, the payees of the note, were the special agents of the plaintiff for soliciting applications for life insurance for said company under the direction and control of Wheelock. That on Nov. 10, 1909, Allen & Galloway procured from the defendant, Clark; an application for insurance on his life in said company in the sum of $10,000, and at that time they took defendant's note for the amount of the first annual premium, which note is as follows:

"$401.70.        4694-1.        Lander, Nov. 10, 1909.

Nov. 11th, 1910, after date I promise to pay to the order of Allen & Galloway, at Noble, Lane & Noble Bank, Lander, Wyo., Four hundred one and 70-100 Dollars, Value received, with interest at the rate of eight per cent. per annum, from

maturity until paid, and to pay all legal expenses and attorneys fees which may be incurred in the collection of the same. This note is given for money loaned and advanced by said payee to satisfy the premium on my policy No..... issued by the Northwestern Mutual Life Insurance Company, and as a collateral security for the payment hereof it is agreed that the owner of this note, or the debt represented by it, shall have a lien upon such policy and its proceeds until this note, or such debt shall be paid, and for such purpose said policy is hereby assigned to said payee.

William Scott Clark, Insured.

No....... Due 11-11.     .... ........ Beneficiary."

At the same time said agents, Allen & Galloway, executed and delivered to Clark a receipt as follows:

"No other form of receipt for advanced premiums will be recognized by the Company.

An application for a $10,000.00 policy having been made by Wm. Scott Clark to The Northwestern Mutual Life Insurance Company, there has been collected of him Four hundred one and 70-100 Dollars, to be considered the first annual premium on said policy, provided the application is approved by the Company at its home office, and in that event the insurance as applied for will be in force from the date of the medical examination. If the application is not approved, the sum collected will be returned. Lander, Nov. 10, 1909.

Allen & Galloway, Agents.

767437. If the premium is paid in advance this receipt must be completed and given to the applicant; if the premium is not paid the receipt must not be detached."

On the same day the applicant was examined by the company's local medical examiner, and Allen & Galloway indorsed the note and forwarded it together with the application and medical examiner's report to Wheelock, who forwarded said application and report to the home office of the company at Milwaukee, where they were received Nov. 15, and were in the hands of its medical director on the same day. Nov. 16 Clark telegraphed the company as follows:

"Northwestern Life Ins. Co., Milwaukee, Wis. Cannot accept policy applied for agent Allen & Galloway. Have written. William Scott Clark. 553 P." In the letter referred to in the telegram and mailed the same day and addressed to the Secretary of the company, he said: "Confirming my telegram to you of this date I wish to reiterate, that after more mature deliberation, I have determined that my circumstances at the present will not permit of my accepting the policy applied for some days ago in your company through your agents, Mess. Galloway & Allen, and I will ask you to cancel the application and advise your agents to return my note for $401.70, to the Noble, Lane & Noble bank here, when settlement receipt No. 767437 will be immediately forwarded to you or them." Nov. 17 the company's medical director wrote Wheelock: "We are just in receipt of a telegram from Mr. William Scott Clark advising that he cannot accept his policy. Will you kindly advise us further relative to the case and oblige." To which Wheelock replied Nov. 19: "We have yours of the 17th in reference to a telegram from William Scott Clark that he cannot accept policy for which he recently applied. We would ask that you kindly issue the policy as applied for, and our agents will take the matter up with Mr. Clark." The application was not acted upon, approved or accepted by the company until Nov. 23, when it was approved, and on Nov. 26 a policy was issued and dated Nov. 10, 1909, and was forwarded to Clark, who refused to accept it and returned it to the company.

The facts being as above stated, we have no hesitancy in holding that no contract of insurance was entered into between Clark and the company. His application was a mere proposal to enter into a contract, and until accepted by the company no contractual relations existed between them, and until such acceptance he had a perfect right to withdraw his proposal. In Travis v. Nederland Life Ins. Co., 104 Fed. 486, 43 C. C. A. 653, the Circuit Court of Appeals (Eighth Circuit) speaking through Judge Sanborn, said: "An ap-

plication for life insurance is not a contract. It is only a proposal to contract on certain terms which the company to which it is presented is at perfect liberty to accept or reject. It does not in any way bind the company to accept the risk proposed, to make the contract requested, or to . issue a policy.  *  *  *  Until the meeting of the minds of the parties upon the terms of the same agreement is effected by an acceptance of the proposition contained in the application, or of some other proposition, each party is entirely free from contractual obligations. The applicant may withdraw his application and refuse to take insurance on any terms.  *  *  *  Nor is the freedom of the parties to retire from the negotiations or to modify their proposals, at any time before some proposition has been agreed upon by both, ever lost or affected by the fact that the applicant accompanies his proposal or application with a promise to pay the premium in the form of promissory notes, or even by an actual payment thereof. Until his application is accepted, such a promise or payment is conditional upon the acceptance, and his application is still no more than a proposition to take and pay· for the insurance if the company accepts his terms.". (Citing many cases.) See also The Northampton Mutual Live Stock Ins. Co. v. Tuttle, 40 N. J. Law, 476; Insurance Co. v. Johnson, 23 Pa. St. 72; Globe Mutual Life Ins. Co. v. Snell, 19 Hun (N. Y.) 560; John R. Davis Lumber Co. v. Scottish Union & National Ins. Co., 94 Wis. 472, 69 N. W. 156; and 1 Cooley's Briefs on Law of Insurance, 416. In the case from which we have quoted, Travis at the time he made the application gave to the soliciting agent his notes for the premium, and the agent sent the notes to the general agents who used them as collateral and reported that the premium was paid. The court said : "Could the company or the agents have enforced the collection of the notes which Travis gave them for the premium in this state of facts, after the agents had received his withdrawal of his original application, and after they had thus declined his new proposition? The question is susceptible of but one

true answer.  Would it not have been a perfect defense to those notes, in the hands of the company or its agents, that he had withdrawn his first application before it was accepted, and had made a new one, which they had declined to accept? Neither the agents nor the company could have overcome such a defense.  The truth is that the minds of the parties to this negotiation never met upon the terms of any contract, and neither the notes nor the policy ever became effective." In that case Travis notified the agents before his application was acted upon and accepted that he would not accept the policy if the company was to have another medical examiner in his town, he being its medical examiner at the time he made the application.  This was held to be a withdrawal of his original application, and the company not having accepted the new terms he proposed the minds of the parties had never met on the same terms and hence there was no contract, and that the policy could not be enforced.  In the case at bar, Clark withdrew his application before it was accepted by the company, but offered no new terms; but the rule of law is equally applicable to each case.  The condition on which the note in suit should become effective was that a contract of insurance should be entered into between Clark and the company, in which case the note should be considered as payment of the first annual premium on the policy.  It was for the purpose of paying such premium and for no other purpose that the note was given.  But as no contract was ever consummated, no premium ever accrued or became due or payable by the applicant or any one else. Wheelock knew the purpose for which the note was given when he received it, and that it would become effective only if the application was accepted by the company; and he must be held to have known that Clark had the right to withdraw his application at any time before it was accepted by the company at its home office.  The application was approved, and the policy issued at the request of Wheelock, after both he and the company had notice that the application was withdrawn.  He took the chance of being able to

induce Clark to accept it, but because he failed to do so gave him no just cause to complain. His contention is, that by the receipt given by Allen & Galloway to Clark, Clark was insured from the date of the medical examination, and that he could not rescind that contract without the consent of the company. But as we have shown that contention is not tenable, and the point was directly decided adversely to such contention in Northwestern Mutual Life Ins. Co. v. Neafus, 145 Ky. 583, 140 S. W. 1026, 36 L. R. A. (N. S.) 1211. In that case the receipt given to the applicant by the agent was in the identical language of the receipt in this case.

It is further contended by counsel for plaintiff in error that the court erred in refusing to give to the jury certain instructions requested by plaintiff. Those instructions were based on the theory that the application and receipt constituted a contract of insurance which Clark could not rescind without the consent of the company. They were not applicable to the facts as shown by the evidence, and were properly refused. On the facts as shown by the record, the court would have been warranted in instructing the jury to return a verdict in favor of the defendant. No prejudicial error being made to appear, the judgment of the District Court is affirmed.                          *Affirmed.*

Scott, C. J., and Potter, J., concur.