## Citizens National Life Insurance Company v. Murphy.

(Decided May 28, 1913.)

### Appeal from Boyle Circuit Court.

1. Insurance, Life—Contract—Liability—Want of Consideration for Note of Premium,—The application for a policy of insurance providing that no contract of insurance shall be deemed made, and no liability on the part of the company shall arise until the policy is issued and delivered to the insured in good health, no liability for the premium exists where the insured refuses to accept the policy when tendered to him, the contract of insurance never having become binding; and there is no consideration for a note executed by the insured for the premium.

2. Insurance, Life—Agreement to Accept Policy—When Not Binding.—An agreement in the application by the insured to accept the policy, if issued, being based on no consideration is not binding and he may withdraw his proposition at any time before the contract is closed. `

BRUCE & BULLITT and C. C. FOX for appellants.

C. C. BAGBY, P. M. McROBERTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Citizens National Life Insurance Company brought this suit against John S. Murphy. It alleged in the petition that Murphy on November 26, 1910, executed to R. B. Spurgeon and C. S. Walker a promissory note for $544.18 payable in four months after date and bearing interest from maturity; that Spurgeon and Walker assigned the note to the plaintiff; that it was executed in settlement of the first premium due by Murphy on policy No. 17144, issued by the plaintiff on his life; that Spurgeon and Walker acted as the agent of the plaintiff in taking the note; that the policy was issued on November 28, 1910, in accordance with the application made by the defendant and was tendered to the defendant several times by its agents, Walker and Spurgeon, and that he refused to accept it; that thereafter the plaintiff, on February 9, 1911, mailed him the policy at his address, McKinney, Kentucky, and the policy was received by him through the mail and retained until August 23, 1911, when it was returned to the plaintiff. The policy was made a part of the petition. The application which is attached to the policy was dated November 26, 1910, and among other things contained the following:

"No contract of insurance shall be deemed made and no liability on the part of said company shall arise until a policy shall be issued, and be delivered to me and the first premium thereon be actually paid, all while I am in good health."

The circuit court sustained the defendant's demurrer to the petition. The plaintiff then filed an amended petition in which it alleged that the application contained this:

"I hereby declare and agree that all the foregoing statements and answers * * * are offered to the company as a consideration for and as a basis of the contract with said company under my policy issued under this application which if issued I hereby agree to accept."

It alleged that the defendant without any right refused to accept the policy; that it was tendered to him while he was in good health, and that he was still in good health. The circuit court sustained the demurrer to the petition as amended and the plaintiff declining to plead further, the petition was dismissed. The plaintiff appeals.

The ground of the ruling of the circuit court was that the application of Murphy for insurance was only a proposition from him which might be withdrawn by him at any time before it was accepted and the contract closed; that under the terms of the application the contract was not closed when the company accepted the application and issued the policy; that no contract of insurance was made and no liability existed on the part of the company until the policy was not only issued but delivered to the insured; that up to this time he was at liberty to withdraw his proposition. In Bishop on Contracts, Section 325, the rule is thus stated:

"Since an offer is not a contract the party making it may withdraw it at any time before acceptance. Even though it is in writing, and by its terms is to stand open for a specified period, the result is the same. With no money consideration, and no corresponding promise from the person to whom it is made, the promise not to withdraw it has no binding force. If a consideration for the undertaking to leave the offer open is given and accepted, this constitutes of itself a contract, and the offer cannot be withdrawn."

A proposition or offer imposes no obligation on the party making it unless it is accepted by the party to whom it is made, and no obligation is then imposed unless the acceptance closes the contract, so that it is binding upon both parties; for where the promise of one is the consideration of the other, neither party can be bound unless the other is bound. (Moxley v. Moxley, 2 Met., 59; Second National Bank of Ashland v. Rouse, 142 Ky., 612.) In New York Life Ins. Co. v. Levy, 122 Ky., 457, the facts were these: On December 30, Levy applied to the local agent for $10,000 of insurance to be written in two $5,000 policies. On January 20 he paid the first premium. On the day before however the company had at its general office considered the application and rejected it for $10,000, but approved it for $5,000; and issued a policy thereon which was sent to the agent who delivered it to the son of the insured, the insured being dead in the meantime. It was held that there was no contract of insurance, and that there could be no recovery against the company. In Providence Savings Assurance Society v. Elliott, 29 R., 552, the application contained a similar provision to that above quoted, and the policy not having been delivered while the insured was in good health, it was held that the contract was not com-

pleted. In McGregor v. Metropolitan Life Ins. Co., 143 Ky., 488, the policy was not delivered, the language of the application being similar to that quoted above, and it was held that no binding contract had been made. In Dickerson's Admr. v. Providence Savings Society, 52 S. W., 825, it was agreed between the applicant and the agent that the agent would send on the application and that the applicant would finally decide when the policy came whether he would accept it. When the policy came the insured was sick and it was never delivered. It was held that there could be no recovery. A number of authorities are collected in these opinions. Those were all cases in which the insurance company was sought to be held liable; but the same rule must be applied to the insured; for the liability if any must be mutual. In Whiting v. Mass. Ins. Co., 37 Am. Rep., 317, the application providing as here that the first premium must be paid before the contract was complete, the insured did not pay the premium, and it was paid by another as a volunteer. It was held that there was no binding contract. The court said:

"It is not enough that the form of the policy had ben approved, for it was still optional with Fairfield whether he would by payment make it a binding contract. If he declined or neglected to pay, the company would have no claim for the premium against him, or against his estate, because the risk never attached."

The same question arose in Hogben v. Metropolitan Life Ins. Co., 61 Am. St. Rep., 53, and was decided in the same way. (See also Roger v. Charter Oak Life Ins. Co., 41 Conn., 97, Mutual Life Ins. Co. v. Young, 23 Wall., 85, 29 Cyc., 713).

In Summers v. Mutual Life Ins. Co., 109 Am. St. Rep., 1009, the court said:

"There can be no doubt but that a life insurance company has the absolute right to insist that it shall accept an application and issue a policy before it shall be bound as an insurer; neither can there be any doubt of the right of one desiring or applying for insurance to require a delivery to him, and acceptance by him of the policy before he will be bound."

In a note to Stephenson v. Allison, 138 Am. St. Rep., 63, the learned editor, summing up a number of cases, says:

"Acceptance of the policy is the act of the insured, and is expressive of his intent to be bound by the condi-

tions of the contract in the same manner that delivery is expressive of the intent of the insurer; and is not only equally necessary, but is subject to the same limitations as are heretofore outlined with respect to delivery. Assuming that the contract is one requiring delivery to complete it, the inter-dependent relation between the two acts is such that such contract is obviously subject to the qualification that acceptance, either actual or constructive, is as necessary as a valid delivery to render it complete and binding."

When the plaintiff's agents tendered the policy to the defendant and he refused to accept it, he withdrew his offer, and his proposition was then at an end. The company could acquire no right by subsequently mailing the policy to him, when it knew that his proposition had been withdrawn.

It is true it is stipulated in the application that the assured agrees to accept the policy if issued but this was only an agreement not to withdraw his proposition before the policy was delivered, and there being no consideration for this agreement, he was not bound by it. In order for an agreement not to withdraw a proposition to be binding as shown above, it must be supported by a consideration. Here the insurance upon his life was the sole consideration of the defendant's promise to pay the note he executed. The insurance never having become binding, there was no consideration to support his promise to pay.

Judgment affirmed.