### FOSTER v. MORRISON.

#### No. 14246.

Court of Appeal of Louisiana. Orleans.

Jan. 3, 1933.

J. G. Dempsey, Jr., of New Orleans, for appellant.

Hugh Morrison, of New Orleans, for appellee.

### WESTERFIELD, J.

This is a suit for $162.95 on a promissory note. The defense, which prevailed below, is want of consideration. The plaintiff, Horace Foster, is an insurance agent, or, at least, he was at the time the suit was filed, having since died. He obtained an application from the defendant, George Morrison, for a policy of life insurance for the sum of $5,000 and for the first year's premium accepted his note for $162.95, the amount sued for. The note is dated July 22, 1930, and payable January 15, 1931, to the order of H. F. Foster. On the 28th the Equitable Life Assurance Society, plaintiff's principal, issued its policy for the amount applied for by defendant and sent it to its agent, Foster, who retained it for some ten months before delivery to defendant. In the meantime the defendant, Morrison, returned to plaintiff's office and attempted to cancel his application, stating that he had overextended himself in the way of insurance. The date of his return is in dispute; Morrison claiming that he came within a few hours of the signing and execution of the application and the note, and Foster, who testified in his own behalf, his death occurring subsequent to the trial, stating that it was a few days later. At any rate we are convinced that the defendant attempted to cancel his application before the policy had been issued by plaintiff's principal.

It is the contention of plaintiff that the contract had been completed prior to the effort of Morrison to withdraw; the argument being that the execution of the note for the premium and its delivery to plaintiff, the agent of the Equitable Life Assurance Society, was a completion of the contract. The insurance company, it is said, was liable on its policy from the date of its issuance, and the death of Morrison during that interval would have required it to pay the principal of the policy. Foster testified that he had settled with his company in October, 1930; the settlement being effected by the payment of the note, less his commission of 50 per cent.

The evidence satisfies us that before the company issued its policy and before it became liable to the beneficiary of Morrison an effort was made by Morrison to cancel his application for the policy. This fact we believe to be decisive of the issue presented,

making it unnecessary for us to consider other questions which have been argued and briefed in detail.

The Revised Civil Code, art. 1800, reads:

"The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract."

An application for insurance, even when accompanied by a promissory note for the premium, is an offer to enter into a contract of insurance, which does not become a contract until it is accepted by the insurance company through some one having the authority to do so. National Life Association v. Speer, 111 Ark. 173, 163 S. W. 1188; New York Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134; Walker v. Farmers' Ins. Co., 51 Iowa, 679, 2 N. W. 583; Schwartz v. Germania Life Ins. Co., 18 Minn. 448 (Gil. 404); Wheelock v. Clark, 21 Wyo. 300, 131 P. 35, Ann. Cas. 1916A, 956. Horace Foster was a soliciting agent for the Equitable Life Assurance Society and without authority to issue a policy of life insurance binding upon his principal. The application of the defendant, Morrison, was sent to New York for consideration by the proper officials before the policy issued; the application containing the following:

"I hereby agree that no agent or other person, except the President, Vice President, Secretary or Treasurer, has the power to make or modify any contract on behalf of the Society, or to waive the society's rights or requirements."

As we have heretofore remarked, the policy was not delivered to the defendant, but retained by Foster, his agent, until some ten months after its issuance. There was, therefore, no notification to the defendant, Morrison, of the acceptance of his proposal, and no contract of insurance.

"A delivery of a contract in law involves an acceptance with intent to assume both its benefits and its burdens." New York Life Ins. Co. v. Manning, 156 App. Div. 818, 124 N. Y. S. 775, 778, 142 N. Y. S. 1132; Id., 213 N. Y. 665, 107 N. E. 1082.

"Where an application for a life insurance policy was taken by the agent of the insurer and forwarded to the company, which issued a policy thereon, which was sent to the agent, who received it after the death of the applicant, and never delivered it, there was no contract." Busher v. New York Life Ins. Co., 72 N. H. 551, 58 A. 41.

"When the plaintiff's agents tendered the policy to the defendant and he refused to accept it, he withdrew his offer, and his proposition was then at an end." Citizens' Nat.

Life Ins. Co. v. Murphy, 154 Ky. 88, 156 S. W. 1069, 1071.

See, also, National Life Association v. Speer, 111 Ark. 173, 163 S. W. 1188.

█ Our conclusion is that prior to the acceptance of Morrison's offer to enter into a contract of insurance with the Equitable Life Assurance Society, plaintiff's principal, the offer was withdrawn, and that, consequently, there was no contract of insurance and no consideration for the note herein sued on.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.