CARRIE E. WOLFSKILL, RESPONDENT, v. AMERICAN UNION LIFE INSURANCE COMPANY, APPELLANT.—172 S. W. (2d) 471.

Kansas City Court of Appeals. May 3, 1943.

*Brown, Douglas & Brown, A. L. Guitar* and *Lon R. Owen* for appellant.

*Errol Joyce, C. K. Hart* and *Walter A. Raymond* for respondent.

BLAND, J.—This is an action on a life insurance contract. There was a verdict and judgment in favor of plaintiff, in the sum of $2000, and defendant has appealed.

Plaintiff was the beneficiary designated in an application for a $2000 policy of life insurance made to the defendant on the 14th

day of November, 1940, by William A. Wolfskill, a farmer residing in Linn County. The application provided that, in the event a binding receipt was given, the liability of the company should be as stated in such receipt. The application also contained a declaration that $64.06 had been paid to the soliciting agent of the defendant for the first year's premium ''and I assent to the terms of the attached binding receipt which has been delivered to me in acknowledgment of said payment at the time of signature.'' A binding receipt was given Wolfskill by the soliciting agent. The body of the receipt acknowledged the receipt of said sum of money and recited that ''if a full first premium . . . has been paid at the time of the making of such application and declaration of such payment is made therein, the insurance, subject to the terms and conditions of the policy contract applied for and in use by the Company of this date, shall take effect on the date hereof, provided the application is completed as agreed therein, and *provided the applicant is on this date a risk acceptable to the Company under its rules, on the plan, for the amount and at the rate of premium declared paid, and provided further that the applicant is on this date in good health;* otherwise the payment evidenced hereby shall be returned upon demand and surrender of this receipt''. (Italics ours.)

The application was sent by the soliciting agent to defendant's home office in St. Joseph. No medical examination was required. Upon receipt of the application defendant applied for an inspection report, which it received after the death of Wolfskill. The report was dated November 19, 1940. Defendant, unsuccessfully, attempted to introduce this report in evidence.

The insured was found dead in his barn on November 16, 1940, his death having been caused by carbolic acid poisoning. Defendant, unsuccessfully, attempted to introduce in evidence the ''view inquest'' signed by the coroner of Linn County, which recites that insured committed suicide.

Defendant offered to prove that, based upon the inspection report and under the rules and regulations of the company, the applicant was not acceptable to it and that it did not accept him as a risk. The court sustained plaintiff's objection to this offer. The evidence shows that the application was never approved or accepted and that no policy was ever delivered. Upon learning of the death of the insured defendant denied liability and returned to plaintiff the premium paid and received from her the binding receipt.

Plaintiff introduced evidence tending to show that the insured was in good health at the time the application was taken, and defendant introduced evidence to the contrary.

Defendant insists that its instruction in the nature of a demurrer to the evidence should have been given for the reason that the binding receipt amounted to nothing more than an offer which was not

accepted; that it was ineffective for any purpose until some unconstitutional affirmative act of acceptance by the company was performed.

Defendant relies largely upon the case of State ex rel. Equitable Life Assurance Society of the United States v. Robertson, 191 S. W. 989, quashing the opinion of the Springfield Court of Appeals in the case of Kempf et al. v. Equitable Life Assurance Society of the United States, 184 S. W. 133. In that case the binding receipt provided: l. c. 990, ". . . contract shall take effect as of the date of this receipt, provided the applicant is on this date in the opinion of the society's authorized officers in New York, an insurable risk under its rules and the application is otherwise acceptable on the plan and for the amount applied for."

In that case the company undertook to accept the application conditionally by "rating up" the applicant's age five years, charging a higher premium than specified in the application tendered with it, and actually issued a policy on those changed terms and conditions, and sent it to its local office for delivery. In the meantime the applicant died. The Supreme Court held there was no insurance.

It will be noted that the first condition contained in the binding receipt involved in that case required that the applicant be an insurable risk, in the opinion of the society's authorized officers, under its rules. The Supreme Court assumed that this condition had been complied with but stated: l. c. 991, 992, that the second condition, that is, that the insurance was not to be effectual without it was acceptable to the officers of the company on the plan and for the amount applied for, was not complied with, as the company did not accept the application, as made, but rejected it by issuing a policy bearing a higher rate of premium.

The condition involved in the case at bar is wholly unlike the second condition in the Supreme Court case and that case is not in point. We also find that Fields v. Equitable Life Assurance Society of the United States, 118 S. W. (2d) 521, and like cases cited by the defendant are not applicable. We are of the opinion that if the applicant, on the date of the application, was in good health and was insurable under defendant's *rules* on the plan and for the amount of insurance applied for, the insurance was in force from the date of the application and that the company could not arbitrarily decide otherwise. It follows that, if this condition was fulfilled, and there is no evidence as to what were defendant's rules relating to the matter, the binding receipt provided insurance for the amount applied for, etc., at the time of the applicant's death, and the defendant is liable unless it has some other defense. [Western & Southern Life Ins. Co. v. Vale (Ind.), 12 N. E. (2d) 350, 353, 355; Stonsz v. Equitable Life Assurance Society of the United States (Pa.), 187 Atl. 403; Hart v.

Travelers' Ins. Co., 258 N. Y. S. 711, 716; Colorado Life Ins. Co. v. Teague (Tex.), 117 S. W. (2d 849.]

However, defendant insists that its demurrer to the evidence should have been sustained because there is a fatal variance between the pleading and proof. We think that this contention must be sustained as the petition alleged an unconditional contract of insurance, effective as of the date of the application therefor, while the. evidence shows a conditional contract. [Connelly v. Priest, 72 Mo. App. 673; Trask v. Insurance Co., 58 Mo. App. 431; 33 C. J., p. 85; 13 C. J., pp. 719, 720, 724, 725.]

The petition alleges that it was agreed between defendant's soliciting agent and Wolfskill that the latter was insured from the date he applied for the insurance. No mention or reference was made in the petition to the binding receipt. Plaintiff, without objection, introduced the binding receipt in evidence, and evidently was trying to recover upon it. However, she cannot take advantage of defendant's failure to object to. the introduction of the binding receipt and failure to file an affidavit of surprise, under section 969, Revised Statutes 1939, because one cannot plead one contract and recover on another. [Fay v. Mo. Power & Light Co. et al., 33 S. W. (2d) 1056; Bay v. Wank, 255 S. W. 324; Ross-Saskatoon Lbr. Co. v. Turner, Dennis & Lowry Lbr. Co., 253 S. W. 119; Mt. Vernon Car. Mfg. Co. v. Hirsch Rolling Mill Co., 227 S. W. 67; Mills v. Met. St. Rys. Co., 221 S. W. 1; Taylor v. Sebastian, 158 Mo. App. 147; Houts Pleading and Practice, pp. 282, 283.] The matter here involved is a fatal variance, a failure of proof and not a mere variance, such as mentioned in section 969, Revised Statutes Missouri 1939. [Mo. Pac. R. Co. v. Clark, 268 S. W. 97, 99.] In the cases of Harrison v. Lakenan, 189 Mo. 581; Young v. Levine et al., 326 Mo. 593, and Tynes v. Terril, 19 S. W. (2d) 505, the proof did not amount to a substantial change of the cause of action pleaded. We find Bammert v. Kenefic, 261 S. W. 78, not in point.

Defendant assigns several. errors in connection with the exclusion of testimony offered by it but, as these are not sufficiently developed in its brief, they will be considered abandoned. [Clay v. Owen, 93 S. W. (2d) 914, 961.]

Recognizing that its rules relative to the matter in issue are peculiarly within its knowledge (See State v. Muler, 182 Mo. 370; State v. Miller, 242 Mo. 36), defendant assumed, at the trial, the burden of showing what they were. Should defendant, at another trial, offer competent evidence concerning such rules it will be the duty of the court to admit it.

The judgment is reversed and the cause remanded. All concur.