Katherine F. BELLAK, Appellant,

v.

UNITED HOME LIFE INSURANCE COMPANY, an Indiana corporation, Appellee.

No. 13027.

United States Court of Appeals Sixth Circuit.

May 29, 1957.

A. Albert Sugar, Detroit, Mich. (M. H. Shillman, Detroit, Mich., on the brief), for appellant.

David G. Barnett, Detroit, Mich. (Fischer, Sprague, Franklin & Ford, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

McALLISTER, Circuit Judge.

This case comes before us for the second time, a judgment in the district court in favor of the insurance company, entered on a motion for summary judgment, having heretofore been reversed. Bellak v. United Home Life Ins. Co., 211 F.2d 280. There it was contended by appellant that where the insured had filed his application for insurance, paid the premium therefor, and had received a binding receipt, he was entitled to interim insurance, prior to approval by the Home Office, even where that was made a condition in the application.

However, this court held that it was bound by the decision of the Supreme Court of Michigan in Smiley v. Prudential Ins. Co., 321 Mich. 60, 32 N.W.2d 48, where it was determined that where an application for insurance had been made with payment of the first premium and death had occurred before the issuance of the policy, the provision in the application requiring it to be approved by the Home Office before the insurance was effective, was controlling, and that, since the application had not been so approved at the time of the applicant's death, there was no valid contract of insurance and no interim insurance in effect at the time of his death. Nevertheless, we pointed out that the record in this case did not disclose what processing the application had in the meantime, and stated that the failure, over a considerable period of time, to notify the applicant that his application was rejected, with no adequate explanation therefor, coupled with no adverse report from the medical examination, and the uncontradicted statement of the soliciting agent that it was the standard procedure for the company to have the applicant advised that the insurance was effective, if not rejected by the doctor at the time of the examination, gave rise to the reasonable inference that the application was either approved, or would have been approved, in the usual course of events before the applicant's death, thus contradicting appellees' contention to the contrary. It was further stated that an unreasonable delay, under certain circumstances, might constitute an approval, as the court said: "The result of the medical examination, what happened between the date of the medical examination and the applicant's death, whether the delay in acting upon the application was reasonable under the circumstances, the authority of the soliciting agent to make representations to the applicant in conflict with the provisions of the application, and the reasons, if any, for the failure to approve the application promptly, are facts which are important in deciding whether the application was approved, either as a matter of fact or as a matter of law, before May 1st, 1951." The judgment of the district court was, as above mentioned, reversed because we were of the opinion that these factual questions should have been fully developed by a jury trial, rather than by summary judgment proceedings. Bellak v. United Home Life Ins. Co., 6 Cir., 211 F.2d 280, 283.

On remand and retrial the district court submitted the case to the jury on the question whether there had been a delivery by the insurance company to appellant's decedent of a binding receipt; whether a contract of insurance came into existence by virtue of the statements alleged to have been made by agents of the insurance company; and, whether, after the making of the application for insurance by appellant's decedent, his passing of the medical examination as a first-class risk, and his payment of the premium, there had been unreasonable delay on the part of the insurance company in approving the application for insurance.

The jury brought in a verdict of no cause of action; the trial court denied motions to set aside the verdict and to render judgment non obstante verdicto, and, in the alternative, for a new trial; and entered judgment for the insurance company from which appeal is taken.

Whether a binding receipt had been issued to appellant's decedent was, under the testimony and evidence, and inferences to be drawn therefrom, a question of fact for the jury; whether, if a binding receipt had been issued, a contract of insurance had come into effect by virtue of the statements of agents of the insurance company was, in accordance with the instructions of the trial court, a question of fact for the jury; and whether there had been unreasonable delay on the part of the insurance company in passing upon the application for insurance was likewise a question of fact for the jury.

■ Applicant had requested the court to charge that if the jury found that payment of the premium had been made by the insured and that he had passed his medical examination, the insurance company could not hold the application in abeyance for an unreasonable time; and if the jury did find such an unreasonable delay they would be justified in rendering a verdict in favor of plaintiff.

However, the trial court charged the jury that if it found that no binding receipt had been given by the insurance agent to appellant's decedent, appellant "would not be entitled to recover in this case as her action would then be controlled by the application. And since under its terms, a policy must be delivered under the conditions stated in the application, it would be your duty to bring in a verdict of no cause of action in favor of the defendant."

In order to find that there was an approval by the insurance company of the application for insurance—after appellant's decedent had paid the premiums and passed the medical examination as a first-class risk—as a result of unreasonable delay, on the part of the insurance company in approving the application, it was not necessary to prove also that a binding receipt had been issued to the insured.

The court's instruction, therefore, that if the jury found that no binding receipt had been given by the insurance agent, plaintiff would not be entitled to recover, was reversible error; for this instruction overlooked the fact that an unreasonable delay in approving the application constituted, as a matter of law, an approval thereof. Whether the delay was, or was not unreasonable, was, under all the circumstances, a question of fact for the jury.

■ While appellant did not object to the charge of the court as given, this does not preclude our consideration of the claim of error based thereon. Appellant had asked for the proper instruction. The trial court charged on the point by instructing the jury that if no binding receipt had been given to the applicant, appellant would not be entitled to recover. This was, plainly, error; and, in furtherance of justice, an appellate court may review such error even where not saved by objection.

The judgment is reversed and the case remanded to the district court for a new trial.