VANDERMOERE *v.* MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY

INSURANCE—AGENTS ERRORS AND OMISSIONS POLICY—EXCESS INSURANCE PROVISION.

An insurance company can properly limit its liability in an insurance agents and brokers errors and omissions policy as to errors, negligent acts, and omissions which occurred before the effective date of the policy so as to provide coverage only as excess insurance over any other valid and collectible insurance and which shall then apply only in the amount by which the applicable limits of the policy's liability exceeds the sum of the applicable liability limits of all other insurance.

REFERENCE FOR POINTS IN HEADNOTE
43 Am Jur 2d, Insurance § 176.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 May 5, 1971, at Grand Rapids. (Docket No. 9820.) Decided June 23, 1971.

Complaint by James Vandermoere, Jr., and Beatrice LaBarge against Michigan Millers Mutual Insurance Company for a declaratory judgment to determine plaintiffs' rights under an agents and brokers errors and omissions insurance policy. Judgment for plaintiffs. Affirmed.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for plaintiffs.

*Foster, Meadows & Ballard* (by *John A. Hamilton*), for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

HOLBROOK, J. Plaintiffs, James Vandermoere, Jr., and Beatrice LaBarge, doing business as Saunders-Wilford, Vandermoere Agency, brought an action for declaratory judgment against Michigan Millers Mutual Insurance Company, a mutual insurance company, defendant, to determine plaintiffs' rights and defendant's liability under the terms of a policy of insurance.

Defendant issued to plaintiffs' insurance agency an insurance agents and brokers errors and omissions policy on March 5, 1966, for a term of one year. On March 5, 1967, a similar type of insurance policy was issued to plaintiffs by Northwestern National Insurance Company, for a term of one year.

A fire occurred on November 29, 1966, to a certain house causing a loss to the owners. The owners had no insurance policy in writing. They notified plain-

tiffs' agency on July 17, 1967, that they intended to hold plaintiffs liable for the loss claiming that plaintiffs negligently failed to issue a policy of fire insurance, which would have covered the loss.

On July 19, 1967, notices of the claim were given by plaintiffs to Millers Mutual and Northwestern National and both denied coverage. Suit was brought by the owners of the house damaged by fire against plaintiffs herein. Northwestern National hired counsel to represent the plaintiffs in said suit, but under a reservation of rights. In the suit a judgment was rendered against plaintiffs' insurance agency.

The pertinent coverage granted under defendant's insurance policy is as follows:

"(A) To any claims, suits or any other action resulting from any negligent act, error, or omission, provided such negligent act, error, or omission occurs:
"1. During the policy period; or
"2. Prior to the effective date of the policy and then only if claim is made or suit is brought during the policy period provided:
"(a) No insured had any knowledge of such prior negligent act, error, or omission at the effective date of the policy."

The other insurance provision in defendant's policy reads as follows:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy."

The Northwestern National Insurance Company's policy provided pertinent coverage as follows:

"(A) To any claims, suits or any other action arising during the policy period resulting from any negligent act, error, or omission providing the in-

sured had no knowledge or could not have reasonably foreseen any circumstance which might result in a claim or suit at the effective date of the policy."

The other insurance provision in this policy reads in pertinent part:

"Other insurance. If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the limit of liability stated in the declarations bears to the total limit of liability of all valid and collectible insurance against such loss. *However, with respect to negligent acts, errors or omissions which occur prior to the effective date of this policy, the insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only in the amount by which the applicable limit of liability of this policy exceeds the sum of the applicable limits of liability of all such other insurance.*" (Emphasis supplied.)

The trial court heard the cause and ruled that defendant was liable under its policy for the negligent act or omission to act of plaintiffs, and that plaintiffs were entitled to damages including all legal expenses.

Defendant on appeal asserts that the trial judge committed reversible error in finding that defendant under its policy of insurance was primarily liable for plaintiffs' loss caused by their negligence in failing to procure the fire insurance policy and that Northwestern National Insurance Company was not liable under its policy.

We see no need in order to decide this case to attempt a rationalization of no liability and excess liability clauses in insurance policies generally.[1] It

---

[1] See 16 Couch on Insurance (2d), § 62:41 *et seq.*; Anno: Apportionment of liability between automobile liability insurers one or more

is enough to say that Northwestern National Insurance Company could properly limit its liability for negligent acts, errors, and omissions which occurred before the effective date of its policy so as to provide coverage to apply only as excess insurance over any other valid and collectible insurance and which shall then apply only in the amount by which the applicable limit of liability of its policy exceeds the sum of the applicable limits of liability of all such other insurance. We are persuaded that the equities of the two insurers are not the same and that the trial judge properly concluded that the carrier (the defendant Michigan Millers) whose policy was in effect when the error and omission and the loss of its customer occurred should bear the entire loss without contribution by the other insurer, Northwestern.

Affirmed. Costs to plaintiffs.

All concurred.

---

of whose policies provide against any liability if there is other insurance, 46 ALR2d 1163; *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guaranty Co.* (CA9, 1952), 195 F2d 958; *Citizens Mutual Automobile Insurance Company* v. *Liberty Mutual Insurance Company* (CA6, 1959), 273 F2d 189.