P. L. KANTER AGENCY, INC., a Michigan Corporation, Plaintiff-Appellee,

v.

CONTINENTAL CASUALTY COMPANY, a Foreign Corporation, Defendant and Third-Party Plaintiff-Appellant,

v.

UTICA MUTUAL INSURANCE COMPANY, a Foreign Corporation, Third-Party Defendant-Appellee.

No. 75–1509.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 16, 1975.

Decided Aug. 18, 1976.

Edward M. Ranger, Sullivan, Ranger, Ward & Bone, Maureen Holahan, Detroit, Mich., for plaintiff-appellant Continental Cas. Co.

John L. Foster, Foster, Meadows & Ballard, Barry L. King, Detroit, Mich., for defendant-appellee Utica Mut. Ins. Co.

Before EDWARDS, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

On October 19, 1966, a fire damaged Pandora's Cocktail Lounge in Livonia, Michigan. The P. L. Kanter Agency, Incorporat-

ed, an insurance agency, was guilty of certain errors and omissions in procuring insurance which resulted in the premises being inadequately, and in one instance, improperly insured. Consequently, three separate actions against the agency were instituted in the Wayne County Circuit Court and were ultimately compromised and settled. The issue in this lawsuit is which of two insurance companies, which insured Kanter against errors and omissions, should bear the loss represented by the costs of defending the circuit court actions and the settlements which followed.

While the facts are considerably more complicated, it is sufficient to set forth the pertinent policy provisions of the two errors and omissions policies in question and the periods during which coverage was in effect.

Continental Casualty Company issued to Kanter its errors and omissions policy on September 15, 1964, and this policy remained in effect until September 15, 1966. On October 10, 1966, Utica Mutual Insurance Company issued an errors and omissions policy to Kanter effective from that date until October 10, 1967. It is agreed that the omissions and failures of Kanter Agency in placing adequate and proper fire insurance upon the property began during or before the term of the Continental policy and that the actual loss itself and claim made thereon occurred during Utica's policy period. It is further acknowledged that each insurance company would have been bound to cover Kanter's loss in the absence of the existence of the other. Continental claims that Utica should pay the loss because it occurred during the term of the Utica policy. Utica claims that Continental should bear the entire loss because the acts and omissions of Kanter which gave rise to it occurred during the period of Continental's coverage. The district court, relying primarily upon *Vandermoere v. Michigan Millers Mutual Insurance Co.*, 34 Mich.App. 429, 191 N.W.2d 501 (1971), granted summary judgment in favor of Utica and against Continental in the amount of $29,930.72. Continental appeals. We reverse.

The Continental policy provided in part that it should apply to "negligent acts, errors or omissions . . . when they occur:

(a) during the policy period and then only if claim is made or suit brought within five years from the date of such occurrence, or

(b) prior to the effective date of the policy and then only if claim is made or suit is brought during the policy period provided . . . (ii) there is no other insurance applicable . . . ."

The Continental policy had an "other insurance" clause which provided:

"Other Insurance. If the Insured has other insurance against a loss covered by this policy, the insurance provided hereunder shall apply only as excess insurance over any other valid and collectible insurance against such loss."

The Utica policy provided in part that Utica would

"pay . . . all sums which the insured shall become legally obligated to pay by reason of liability . . . claim for which is made against them during the period stated [herein] by reason of any negligent act, error or omission, whenever and wherever committed . . . ."

Utica's "other insurance" clause provided as follows:

"10. Other Insurance. If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the limit of liability under this policy bears to the total limit of liability of all valid and collectible insurance against such loss; provided, however, with respect to negligent acts, errors or omissions which occur prior to the effective date of this policy, the insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only in the amount by which the applicable limit of liability of this policy exceeds the sum of the applicable limits of liability of all such other insurance."

Of the three Wayne County Circuit Court lawsuits, two involved charges that the Kanter Agency kept in force less fire insurance coverage than it had agreed to without notifying the insured and the third involved a claim of the Hastings Mutual Insurance Company that the Kanter Agency had failed to follow its instructions to terminate the $10,000 insurance which Hastings had on the premises, thereby causing it loss in that amount. In each instance, Utica undertook the defense of Kanter and effected the settlements under a reservation of rights. Thus this action is basically one by Utica as subrogee of Kanter against Continental for indemnification. The reasonableness of the settlements and of the attorney fees incurred in the defense, and hence of the amount of the judgment appealed from, is not at issue.

In ruling in favor of Utica the district court held:

"All of the negligent acts, errors and omissions occurred during the period of the Continental policy. The Continental policy covers the losses if the negligent act, error or omission occurred during their term. The Utica policy also applies because the claim was made during the term of the Utica policy. Continental did not limit its liability as to these claims. Utica limited its liability for negligent acts, errors or omissions of Kanter occurring before the effective date of its policy by providing that it was an excess carrier in such cases. Such a limitation is approved by the Michigan Court of Appeals in *Vandermoere v. Michigan Millers,* 34 Mich.App. 429 [191 N.W.2d 501] (1971)."

In its appeal Continental urges that the district judge erred in his interpretation of *Vandermoere v. Michigan Millers, supra.* It urges instead that *Vandermoere* is authority for holding that primary coverage under the circumstances here should be afforded by Utica because it was the Utica policy which was in force at the time of the loss and because the errors and omissions complained of, while having their inception during the period of Continental's coverage, continued into the period of Utica's cover-

age to the date of loss and filing of claim. We agree.

Federal jurisdiction is founded upon diversity and the parties are agreed that Michigan law applies. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *Carr v. American Universal Insurance Co.,* 341 F.2d 220 (6th Cir. 1965).

We view the issues here as involving the interpretation of the two insurance policies in light of the existing law of the State of Michigan. It is basically a matter of what the contracting parties agreed to and intended in the making of their agreement. *Harmon v. American Interinsurance Exchange Co.,* 39 Mich.App. 145, 197 N.W.2d 307 (1972), *Smiley v. Prudential Insurance Co.,* 321 Mich. 60, 32 N.W.2d 48 (1968). Michigan follows the general rule that the words in a policy should be interpreted according to their ordinary usage, avoiding forced or strained meanings. *Sump v. St. Paul Fire and Marine Insurance Co.,* 21 Mich.App. 160, 175 N.W.2d 44 (1970). Thus the determination of whether a risk falls within the coverage of a policy and the characterization of that coverage as primary, excess or pro rata depends upon an interpretation of the language of the pertinent policy provisions in the light of the particular facts of the case. These general observations are true also of errors and omissions policies. *Grieb v. Citizens Casualty Co.,* 33 Wis.2d 552, 148 N.W.2d 103 (1967).

In *Vandermoere v. Michigan Millers, supra,* Vandermoere had been charged in a separate lawsuit with having negligently failed to provide insurance coverage on a house which was damaged by fire on November 29, 1966. Michigan Millers had issued an errors and omissions policy, which in pertinent respects was identical to provisions of the Continental policy in the instant case, covering Vandermoere from March 5, 1966 to March 5, 1967. On March 5, 1967, an errors and omissions policy was issued to Vandermoere by Northwestern National Insurance Company for a term of one year. The provisions of the Northwest-

ern policy were identical in relevant part to Utica's policy. The fire occurred during the policy period of Michigan Millers and notice of the ensuing claim was delivered by Vandermoere to both insurance companies on July 19, 1967, or within the policy period of Northwestern National. In holding that Michigan Millers was obligated to pay the entire claim, the Michigan Court of Appeals held:

> We see no need in order to decide this case to attempt a rationalization of no liability and excess liability clauses in insurance policies generally. It is enough to say that Northwestern National Insurance Company could properly limit its liability for negligent acts, errors and omissions which occurred before the effective date of its policy so as to provide coverage to apply only as excess insurance over any other valid and collectible insurance and which shall then apply only in the amount by which the applicable limit of liability of its policy exceeds the sum of the applicable limits of liability of all such other insurance. We are persuaded that the equities of the two insurers are not the same and that the trial judge properly concluded that the carrier (the defendant Michigan Millers) whose policy was in effect when the error and omission and the loss of its customer occurred should bear the entire loss without contribution by the other insurer, Northwestern.

We believe that the district court erred in not recognizing the factual distinction between *Vandermoere* and the instant case. In *Vandermoere* the fire occurred during the first carrier's policy period while claim was made during the period of coverage of the second policy. In the instant case both the fire and the claim occurred during the second insurer's policy period. The import of this distinction is that the omissions of Kanter in failing to obtain the proper level of insurance (and failing to transmit the cancellation notice from Hastings Mutual) were not traceable to merely a single act or acts occurring solely within Continental's period of coverage, but instead were continuing omissions which existed immediately

prior to the fire and were thus within Utica's policy period. Kanter's duty to the proprietors of the lounge was to provide adequate insurance, or failing this, to promptly notify the owners so that they could obtain adequate coverage elsewhere. Its obligation was as binding on the date of the fire as it was when the obligation was originally undertaken. In contrast, the negligent action of *Vandermoere,* which can also be characterized as a continuous omission, terminated with the fire and therefore occurred solely within Michigan Millers' policy period. The consequence of this distinction is that the "other insurance" clause of Northwestern National, which deemed Northwestern as excess insurance with respect to negligent acts, errors, or omissions occurring prior to the effective date of its policy, was operative. Here, however, Utica's "other insurance" clause, which is identical to that employed in Northwestern's policy, does not operate to insulate Utica as an excess insurer since the omissions of Kanter occurred also within Utica's policy period. Insofar as *Vandermoere* relied on an evaluation of the equities of the positions of the two insurance carriers, we similarly deem the equities to favor Continental. The loss occurred during the policy period of Utica, and although Kanter indeed failed to perform its duty during Continental's policy period, the more causally related omissions occurred during Utica's policy period. If Kanter had procured the necessary insurance the day prior to the fire, there would have been no claims asserted against Kanter.

■ Therefore, since the exception to Utica's "other insurance" clause is not invoked, we read the clause as providing that Utica's liability is pro rata in the event the insured has other insurance. However, Continental's "other insurance" clause specifies that in the event the insured has other insurance, its insurance shall apply only as excess insurance over any other valid and collectible insurance. The majority view is that "when an excess clause . . . conflicts with another 'other insurance' clause, and more particularly, a 'pro rata' clause, in

a second policy, the excess clause controls and is to be given full effect." *Citizens Mutual Automobile Insurance Co. v. Liberty Mutual Insurance Co.,* 273 F.2d 189, 193 (6th Cir. 1959 (Michigan diversity case). *Accord, Fireman's Fund Insurance Co. v. Underwriters Insurance Co.,* 389 F.2d 767 (10th Cir. 1968); see generally, Couch on Insurance 2d, § 62.71; 76 A.L.R.2d 502. Accordingly, we hold that Utica Mutual is the primary insurer and since the policy limitation of Utica exceeds the settlements and attorney fees in this case, Continental's duty as an excess insurer is mooted. Our holding necessarily dictates that Utica must also pay its own attorney fees incurred in the resolution of the three claims.

Reversed and remanded for entry of judgment in favor of appellant. Costs to appellant.