SUMP *v.* ST. PAUL FIRE & MARINE INSURANCE COMPANY

1. INSURANCE—CONTRACTS—INTERPRETATION.

Insurance contracts are to be construed according to the sense and meaning of the terms the parties have used, which, if clear and unambiguous, are to be taken and understood in their plain, ordinary and proper sense.

2. INSURANCE—POLICIES—WORDING—CONSTRUCTION OF CONTRACTS.

The rule that the wording of an insurance policy will be construed most strongly in favor of the insured does not mean that a forced or strained meaning will be given to the words which is contrary to the obvious intent of the parties.

3. CONTRACTS—CONSTRUCTION OF CONTRACTS.

Courts will not make a new contract for parties under the guise of a construction of the contract when, in so doing, they ignore the plain meaning of the words.

4. INSURANCE—ACCIDENTAL INJURY POLICY—LOSS OF SIGHT—CONSTRUCTION OF CONTRACTS.

An accidental death and injury policy which provides indemnity for the loss of sight of one eye and defines loss as "irrecoverable loss of the entire sight" does not cover the accidental loss of 75% or 80% of vision of one eye as such a loss is not loss of the entire sight within the plain, ordinary meaning of the terms used in the policy.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 November 7, 1969, at Lansing. (Docket No. 6,645.)   Decided January 27, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 257 *et seq.*
[2] 43 Am Jur 2d, Insurance §§ 271–274.
[3] 17 Am Jur 2d, Contracts §§ 240, 242.
[4] 43 Am Jur 2d, Insurance §§ 257, 264, 265, **274.**

Complaint by Sidney Goodwin Sump against the St. Paul Fire and Marine Insurance Company, a Minnesota corporation, for payment for accidental visual reduction in one eye under the dismemberment clause of an accidental death and injury insurance policy. Judgment for plaintiff. Defendant appeals. Reversed.

*Killebrew & Fraser,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock,* for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. This is an appeal from a decision of the Macomb county circuit court, which allowed recovery on the dismemberment clause of an accidental death and injury, nonrenewable, five-day term insurance policy, issued November 14, 1963, to the plaintiff. On November 15, 1963, the plaintiff suffered an injury to his left eye while chopping sticks for a deer-hunting campfire. Plaintiff's doctor indicated in his reports, which were admitted into evidence, that there was a visual reduction in the left eye, which was correctable to 20/200. Counsel for plaintiff contends that this represents an 80% sight loss. The report of another doctor, also admitted into evidence, states that the "patient [plaintiff] is at present able to obtain a vision of about 75% of normal." It was established that there was a scar of the cornea and a traumatic cataract present, and a partial dislocation of the lens of the left eye.

The question of law presented to the trial court was the interpretation of the term in the insurance policy which provided that $5,000 would be paid "for loss of  *  *  *  [the] sight of one eye." The

policy definition provides that "loss" means the "irrecoverable loss of the entire sight."

The trial court found that the plaintiff's injured eye was inadequate for normal visual functions, and that such injury was included within the reasonable meaning of the policy requirements, and granted judgment to plaintiff in the amount of $5,000 in accordance with the payment provisions of the insurance policy.

Defendant contends that plaintiff's loss does not come within the coverage of the policy, inasmuch as the plaintiff did not suffer the irrevocable loss of the entire sight of the left eye. The policy defines eye loss to mean the "irrecoverable loss of the entire sight" thereof. Defendant further contends that the plaintiff had correctable vision up to 75% of his normal vision, according to one doctor, and to 20/200 according to another doctor; and that such sight loss does not fall within the policy terms.

The plaintiff contends that the proper reading and interpretation of the policy language would place the coverage upon the loss of useful sight, and that loss of sight in the literal sense of utter blindness is not necessary in order to recover under the policy. He further contends that the Federal government's formula for total blindness, as applied to the Federal income tax, states as follows:

"If the central visual acuity does not exceed 20/200 in the better eye with corrective lenses, you are blind." Publication No. 17, U. S. Treasury Department, Your Federal Income Tax, 1968 Edition.

"The entire sight is lost although it is not completely destroyed, if what sight is left is of no practical use or benefit." *Pan-American Life Insurance Co.* v. *Terrell* (CA 5, 1928), 29 F2d 460, 461.

This Court is asked to determine that "useful sight" or "practical use" is the test, rather than

"entire loss of sight." Case law in Michigan does not disclose a definition of "irrecoverable loss of the entire sight of the eye." However, the courts on many occasions have spoken very definitely upon the language construction of insurance policies.

"In *Kingsley* v. *American Central Life Ins. Co.* (1932), 259 Mich 53, 55, the Court quoting *Imperial Fire Ins. Co.* v. *Coos County* (1893), 151 US 452, 463 (14 S Ct 379, 38 L Ed 231) stated:

" 'Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense.' " *Economy Mills of Elwell, Inc.* v. *Motorists Mutual Insurance Company* (1967), 8 Mich App 451, 461.

The Michigan Supreme Court reversed the trial judge in a non-jury judgment in favor of the plaintiff in *Edgar's Warehouse, Inc.* v. *U. S. Fidelity & Guaranty Co.* (1965), 375 Mich 598. This involved the language of a burglary policy and the coverage thereof. The Supreme Court affirmed Michigan's adherence to the rule laid down by *Sturgis National Bank* v. *Maryland Casualty Co.* (1930), 252 Mich 426, where it was said that no forced or strained meaning would be given words in an insurance policy and the court would not make a new contract with the parties under the guise of construing the existing contract:

"There are exceptions to the rule that the wording of an insurance policy will be construed most strongly in favor of the insured. * * * that no forced or strained meaning will be given to words that is contrary to the obvious intent of the parties. * * *

"The court will not make a new contract for parties under the guise of a construction of the contract, when in so doing it will ignore the plain meaning of words." 252 Mich 426, 429.

If it appears that the insured still has some sight in the injured eye, he is not entitled to recover under a provision in the policy which provides that the loss of an eye shall mean the irrecoverable loss of the entire sight thereof. Under the present Michigan law, a 75% or 80% loss of an eye is not loss of the entire sight, as required by the terms of the policy in question. Such an injured eye may have little practical use and it may come within the meaning of industrial loss of vision, but for this Court to find such a total loss of sight, we would have to change the meaning of the policy language, *viz.,* "irrecoverable loss of the entire sight."

The terms of the policy in the instant case are not ambiguous; the insured did not suffer an irrecoverable loss of the entire sight of his eye, within the terms of the policy under which his claim is made.

Judgment of the trial court is reversed. Costs to appellant.