LEWIS v METROPOLITAN LIFE INSURANCE COMPANY

1. INSURANCE—CONTRACTS—INTERPRETATION.

An important principle of interpretation of insurance contracts to be applied by courts is ascertaining that meaning of the contract which the insured would reasonably expect.

2. INSURANCE—LOSS OF SIGHT—TERMS—TOTAL AND IRRECOVERABLE—WORDS AND PHRASES.

A person seeking insurance coverage for loss of sight may reasonably expect that the term "total and irrecoverable loss of sight" in a policy of insurance means loss of useful or practical sight, rather than total blindness.

Appeal from Genesee, Donald R. Freeman, J. Submitted October 8, 1975, at Lansing. Decided October 27, 1975. Leave to appeal applied for.

Complaint by Robert E. and Elsie M. Lewis against Metropolitan Life Insurance Company for payment under the policy of insurance for loss of sight in one eye of plaintiff Robert E. Lewis. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Sanford Kesten,* for plaintiffs.

*Rubenstein, Pruchnicki & Chittle,* for defendant.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance §§ 257–305.
[2] 44 Am Jur 2d, Insurance §§ 1604, 2078.

Quinn, P. J. Plaintiffs appeal from the grant of summary judgment in favor of defendant.

Robert E. Lewis, hereinafter plaintiff, was involved in a motorcycle accident and injured his right eye. At the time, he was insured by defendant. The policy covered "total and irrecoverable loss of sight of one eye". The deposition of the eye specialist who treated plaintiff after the accident established that plaintiff had approximately 20 percent vision in the injured eye. On the basis of *Sump v St Paul Fire & Marine Insurance Co,* 21 Mich App 160; 175 NW2d 44 (1970), the trial judge granted summary judgment.

Plaintiff admits that *Sump, supra,* is apparently controlling but he seeks a reexamination of the *Sump* holding. While we are not bound by *Sump,* we should not disregard it unless we find legitimate reasons for doing so. We find those reasons to be:

1. There was evidence in *Sump* that the sight loss was either 80 or 25 percent. Here the only evidence is 80 percent sight loss.

2. *Sump* is contrary to the weight of authority; see 87 ALR2d 481.

3. We are not able to say that the term "sight" in the context of insuring against the "total and irrecoverable loss" thereof is so clear and unambiguous that as a matter of law it means total blindness.

We do not propose to rewrite the insurance contract nor to give a forced or strained meaning to its words that is contrary to the obvious intent of the parties. However, believing there is some lack of clarity in the term "sight" in the context noted above, interpretation of the contract is required.

In our view, the *Sump* court failed to apply an

important principle of interpretation, namely: ascertaining that meaning of the contract which the insured would reasonably expect, *Zurich Insurance Co v Rombough,* 384 Mich 228, 233; 180 NW2d 775, 777 (1970).

Can a person seeking insurance coverage for loss of sight reasonably expect that the term "total and irrecoverable loss of sight" means only total blindness? Or that he is not insured if he can make out the sun on a clear day? We think not. It is reasonable for such a person to expect that the term means loss of useful or practical sight, and we so interpret it.

Reversed and remanded with costs to plaintiffs.