457 A.2d 858

**William C. HOHN, an individual**

**v.**

**NATIONWIDE INSURANCE COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1981.

Filed Nov. 19, 1982.

228

Michael J. Kearney, Jr., Pittsburgh, for appellant.
Michael B. Kaleugher, Pittsburgh, for appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

■ This appeal follows a lower court finding that a disability insurance policy issued by appellant covered an injury suffered by appellee. Appellee, Mr. Hohn, accidentally incurred an injury to his right eye while working in his yard. He sought benefits from appellant which denied his claim saying that his injury was not compensable under the terms of the insurance policy which defines "loss" of an eye as "entire and irrevocable loss of sight." A nonjury verdict

was rendered, exceptions were denied and this appeal followed. The sole issue for our determination is whether the injury was covered by the policy. Finding that appellee's loss is the "entire and irrevocable" one covered by the policy, we affirm.[1]

Mr. Hohn's injury occurred when a shovel he was using broke, striking the eyeglasses he was wearing. The shattered glass entered and injured his right eye.

Appellant denied the claim made by appellee and argues that its denial was justified because Mr. Hohn's loss of sight was not entire and irrevocable. The company refers us to vision tests that indicate that without corrective lenses, Mr. Hohn has retained approximately one percent of his central visual efficiency. Thus, the argument goes, the loss was not entire. In any case, appellant contends that the loss could be recovered through the use of a contact lens.

Appellant urges us to find that the term "entire and irrevocable" is unambiguous and deserving of literal application. That is, appellant argues that the retention of one percent visual efficiency precludes us from finding appellee's loss to have been entire.

We believe, however, that case law illustrates that the term requires interpretation. The loss must be both entire and irrevocable. We will first determine whether it is, in fact, an entire loss.

While we have not found Pennsylvania cases addressing the interpretation of this insurance policy clause, we have found cases in which our courts have interpreted the very similar language of the workmen's compensation statute. See, e.g., *Vovericz v. Workmen's Compensation Appeal*

1. In January, 1982, we quashed the instant appeal because no judgment had yet been entered. An order denying exceptions is not itself an appealable order. See Pa.R.A.P. 301(c). Judgment was entered on January 25, 1982 and a petition for reconsideration was granted in February. We now reach the merits of the appeal.

*Board,* 41 Pa.Commw.Ct. 94, 398 A.2d 734 (1979), and *Wall v. Workmen's Compensation Appeal Board,* 12 Pa. Commw.Ct. 12, 315 A.2d 656 (1974), in which the Commonwealth Court applied an "all practical intents and purposes" test to determine whether an injury amounted to a permanent loss of use.

Of course, the present case is not a workmen's compensation appeal. We mention those cases only by way of illustrating that our courts have utilized a "test" as an aid in the interpretation of language similar to that before us.

More to the point are cases from other jurisdictions in which similar insurance clauses have been interpreted. As was explained in *Couch on Insurance,* 2d, § 53:25, "entire loss of sight is generally interpreted to mean loss of practical use of sight, rather than literal blindness." See *Lewis v. Metropolitan Life Insurance Company,* 397 Mich. 481, 245 N.W.2d 9 (1976); *Roy v. Allstate Insurance Company,* 34 Conn.Supp. 650, 383 A.2d 637 (1978).

In *Roy,* id. at 653, 383 A.2d at 638, 9, the Connecticut Superior Court wrote, "Practical use does not necessarily mean use in a particular calling or occupation, but rather that use which will render practical service in respect to many needs and pleasures."

In *Lewis,* supra, the Michigan Supreme Court specifically disapproved of an earlier decision in which the Michigan Court of Appeals had found that a 75 percent to 80 percent loss could not constitute a total and irrevocable loss.[2]

In *Wall,* supra, the Commonwealth Court applied the "practical intents and purposes" test and found a permanent loss of the use of a hand, even though the claimant retained some use of it. The court cited the testimony of a doctor who said that the claimant has suffered the total loss of use of his hand.

**2.** The earlier case is *Sump v. St. Paul Fire and Marine Insurance Company,* 21 Mich.App. 160, 175 N.W.2d 44 (1970).

■ The *Wall* court said that the question of whether a loss was suffered is a factual one, to be reviewed to a limited degree. We find, too, that the question of whether the entire loss was sustained is a factual one, although we have exercised a broader review as to the interpretation of the insurance contract's terms.

■ We find no error in the lower court's conclusion that appellant's loss was entire.

Without corrective lenses, appellant's right eye is essentially of no use to him. Although he could apparently recognize fingers held at some distance from him, this alone does not indicate practical use of his eye. On the contrary, appellant testified that without a corrective lens, he cannot (using only his injured right eye) read street signs, operate an automobile, or see or recognize automobiles.

In a deposition which was made part of the evidence at trial, appellant's doctor explained in detail the nature of the injury and said that in conjunction with his normal left eye, the injured right eye (without a corrective lens) is essentially useless to appellant.

We must find that the 99 percent loss of vision suffered by appellant is an entire one.

Having concluded that the loss of sight is entire, we must determine whether it was irrevocable.

Appellee was injured in October, 1976. Surgery was performed on that date to repair a corneal laceration and remove a traumatic cataract. Treatment continued, and in October, 1977, appellant was fitted with contact lenses. After corrections were made to the lenses and another operation was performed to remove a cataract that resulted from the original injury, appellant's distant vision with the contact lenses was found to be approximately 20/20. Appellee did testify that he had some problems wearing the lenses; in particular, he complained of scattering of light. That problem is one that the doctor said is not treatable.

Worse though, than the discomfort that appellee may experience is the fact that although the contact lenses substantially improve his vision, he can wear them for only eight to ten hours a day. His doctor explained that because of corneal scar which was left on appellee's eye, it would be unsafe for him to wear the lenses any more than those hours. The doctor further testified that there is no reason to believe that appellee's condition will improve, enabling him to wear the lenses for a longer period.

The doctor explained that appellant can read only if he wears both the contact lenses and bifocal glasses. Therefore, his reading ability is limited to the hours when he can wear the lens.

As we noted earlier, appellee's physician concluded that without the contact lens, appellee's right eye is, for practical purposes, useless.

We cannot say that the entire loss we have found exists is recoverable when appellee has no use of his right eye for 16 hours a day. (Even assuming that he sleeps eight hours, appellee has no use of his right eye for eight hours.) In this connection, we note the *Roy* case, supra. The claimant in that case had been able, for a short time, to wear contact lenses for four hours a day. The Connecticut Superior Court opined that even if he were still able to wear the lenses for that period each day, "we would hesitate to conclude that the plaintiff's ability to have some functional vision in his right eye for a maximum of four hours" a day is equivalent to recovery of the practical use of his eye.

While we do not mean to suggest that a recovery of 20/20 vision is necessary to relieve the insurance company of liability, we also cannot find that eight hours of sight is a recovery of the practical, everyday use of appellee's eye.

Order affirmed.

MONTEMURO, J., concurs in result.