Charles Frederick BARKER, Plaintiff,

v.

**INA LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 84–1501.

United States District Court,
District of Columbia.

April 17, 1985.

Elise Haldane, Washington, D.C., for plaintiff.

Elizabeth J. Haegelin, Martell, Donnelly, Grimaldi & Gallagher, Washington, D.C., for defendant.

MEMORANDUM

HAROLD H. GREENE, District Judge.

In this breach of contract action, plaintiff seeks $100,000 for loss of speech allegedly caused by accidental injuries under an accidental death and dismemberment insurance policy issued by defendant. Defendant has moved for summary judgment on the grounds that (1) plaintiff has not suffered a total and irrecoverable loss of speech and (2) what loss he has suffered did not result "directly and independently of all other causes from bodily injuries caused by accident" as provided by the insurance policy. Because the Court finds that there are material facts in dispute, the motion will be denied.

As defendant readily admits, the plaintiff's present condition and the circumstances causing that condition are tragic. On September 28, 1982, plaintiff, who was then a 39-year old with an active criminal law practice, sprained his ankle while playing basketball. A week or two later, he pulled a hamstring muscle in his right leg when he fell while trying to limp up a flight of stairs. On November 8, 1982, plaintiff consulted a physician concerning the severe swelling, discoloration, and pain in his leg, and he was immediately admitted to George Washington University Hospital.

At the time of that admission, plaintiff had lost three to four pints of blood due to internal bleeding in his leg. The hospital

report listed the following as problems: (1) anemia; (2) coagulopathy probably due to alcohol abuse; (3) alcohol abuse, probable alcoholic liver disease resulting in coagulopathy; (4) traumatic bleeding into both legs; and (5) fever. Within twenty-four hours plaintiff had suffered a grand mal seizure, he aspirated, he went into cardiopulmonary arrest, and he suffered anoxic brain damage. As a result of these events, plaintiff suffered, among other things, a loss of speech. After being transferred to the Veterans Hospital, he was subsequently admitted to the Head Injury Center at Pioneer Valley in Northhampton, Massachusetts where he remains to this day.

Approximately two years prior to the events recited above, plaintiff had consulted a physician, Dr. Michael Halberstam. Although Dr. Halberstam was murdered before he could diagnose plaintiff's condition, both plaintiff's and defendant's expert witnesses testified that the test taken by Dr. Halberstam indicated that plaintiff had some liver disease. Plaintiff, in fact, concedes that in the fall of 1980, he was drinking approximately two to three alcoholic drinks per day, and that he was advised to limit his drinking, which he alleges he did. It was only after plaintiff sustained the sprained ankle and pulled hamstring muscle, that he increased his alcohol consumption substantially. Plaintiff also, at that time, started to take eight to ten aspirin a day to relieve the pain.

The insurance policy issued to plaintiff provides protection "against loss resulting directly and independently of all other causes from bodily injuries caused by accident occurring while the policy is in force...." Included among the covered injuries is loss of speech, for which the principal sum of $100,000 may be recovered. The policy, however, contains the following exclusion:

> The policy does not cover loss caused by or resulting from any one or more of the following:
>
> \*  .      \*       \*       \*       \*       \*
>
> (D) Illness, disease, pregnancy, childbirth, miscarriage, bodily infirmity or any bacterial infection other than bacterial infection occurring in consequence of an accidental cut or wound.

Defendant alleges that one of the underlying causes of plaintiff's injuries was a coagulopathy, *i.e.*, an inability of the blood to clot so as to prevent excessive bleeding. According to defendant's expert witness, this condition was due to to plaintiff's liver disease which in turn was caused by alcohol abuse, and that it existed before the accidental injuries. Defendant argues that it was this preexisting physical condition, and not plaintiff's sprained ankle and pulled hamstring, which caused the hemorrhaging into his thigh and the other resulting injuries. At most, these accidental injuries are alleged to have "aggravated" plaintiff's underlying liver disease which, defendant maintains, was the true and proximate cause of plaintiff's injuries. Defendant asserts that, accordingly, plaintiff's loss of speech could not have resulted "directly and independently of all other causes from bodily injuries caused by accident," and that it is therefore not covered by the insurance policy in question.

While conceding that plaintiff had some chronic liver disease prior to the time of the accidental injuries, plaintiff's expert has testified that the tests performed by Dr. Halberstam do not conclusively establish that plaintiff was suffering from coagulopathy. That expert opined that

> the critical factor was that, as a result of the pain he had in his legs from the injury, he consumed a lot of aspirin which led to severe dysfunction of whatever platelets he had circulating, and this is what I believe put him in the hospital. It was the triggering event, his response to the injury.

Deposition of Dr. Benner at 76–77. Dr. Benner further testified that he saw it as

> a series of events that followed one logically from the other, that the injury begot the pain, which begot the aspirin consumption, which exasperated a preexisting condition we are assuming, with coagulopathy as a possible feature, causing the patient to bleed tremendously,

and putting him the hospital. And then as a result of the withdrawal of alcohol coupled with the drastic fluid therapy that he was undergoing in the first 24 hours, I think that is why he seized. *Id.* at 79. Relying on this testimony, plaintiff argues that the seizure, vomiting, aspiration, cardiopulmonary arrest, and anoxic brain damage causing his loss of speech resulted from medical complications directly attributable to his accidental injuries.

Thus, the critical disputed issue is whether the accidental injuries suffered by plaintiff were the proximate cause of his loss of speech. Where accidental injuries combine with physical conditions which are specifically excluded by an insurance policy to produce the result, the issue of liability depends upon "isolating which of the two factors, the fall or the [existing physical condition], was the predominant cause, 'the efficient cause, the one that necessarily sets the other causes in operation.'" *John Hancock Mutual Life Insurance v. Serio,* 176 A.2d 874, 876 (D.C.1962) (citations omitted). Stated differently, a preexisting diseased condition would not preclude recovery in circumstances where a subsequent accidental injury was "the exciting, efficient, predominant" cause of the loss. See *Love v. American Casualty Co. of Reading, Pa.,* 306 F.2d 802, 806 n. 2 (D.C.Cir. 1962). On the record before the Court, construing the insurance policy most favorably to plaintiff and giving him all favorable inferences that can be drawn from the evidence, the Court cannot find that, as a matter of law, plaintiff's loss of speech was not proximately caused by the accidental injuries. The jury could clearly find, on this record, that but for the accidental injuries, this plaintiff could have gone on for a considerable period of time, if not forever, with the liver disease he had from his preexisting illness, without suffering the devastating loss he ultimately did suffer. In other words, the jury could find that the accident was the efficient cause of the loss, the one that set the other causes in motion.

As an alternative ground for summary judgment, defendant argues that plaintiff cannot recover under the policy because he can still speak and respond to questions, albeit in an impaired manner.[1] "Loss," as that term is defined in the policy means "total and irrecoverable loss of speech." After viewing the videotape deposition of plaintiff, the Court finds that summary judgment on this ground is also inappropriate. To be sure, plaintiff can still speak some words and he was able to answer some of the questions propounded by defendant's counsel. The Court notes, however, that plaintiff was only able to speak with considerable difficulty, and in a blurred and indistinct manner. On the record before it, the Court finds that the issue of whether plaintiff's extremely limited ability to speak can be considered a total loss within the meaning of the policy is a question of fact to be decided by the jury. See, *e.g., Hohn v. Nationwide Insurance Cos.,* 457 A.2d 858, 861 (Pa.Super.1982).

For the reasons stated, it is this 16th day of April, 1985

ORDERED that defendant's motion for summary judgment be and it is hereby denied.

---

1. In addition to impaired speech capabilities, defendant concedes that plaintiff also exhibits some mental impairment and memory problems.